UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE TAYLOR WHITE,<br>          Plaintiff,<br>    v.<br>WARDEN,<br>          Defendant. | Case No. 24-cv-03785-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a prisoner currently housed at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names the following defendants: "Warden, my CC2 treatment team, & 2 med drs." The complaint states that Plaintiff has been unable to obtain the names of these individuals because these individuals have refused to provide Plaintiff with their full names.

The complaint makes the following allegations. Plaintiff's religious beliefs prohibit the consumption of man-made medication, and he has informed "everyone" of this. But "everyone" lied under oath that Plaintiff's religious beliefs are part of his mania and obtained a court order authorizing the forcible administration of medication. Plaintiff is currently being forcibly medicated against his will and in violation of his religious beliefs. These medications "have side effects and put [Plaintiff's] life & health in danger." *See generally* Dkt. No. 1.

The Court DISMISSES the complaint with leave to amend for the following reasons.

First, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. In preparing an amended complaint, Plaintiff must identify by name the individual prison official or medical personnel who allegedly violated his federal rights. Plaintiff may be able to obtain the names of these individuals by accessing his

medical records or using the CDCR Form 22.

Second, the complaint does not identify any federal law or federal constitution provision that was violated. It appears that Plaintiff may be attempting to allege a violation of the First Amendment's free exercise clause and/or his Eighth Amendment to be free of deliberate indifference to his serious medical needs. However, the complaint does not state a cognizable First Amendment or Eighth Amendment claim.

For a prisoner to establish a First Amendment free exercise violation, he must show that prison regulation or official burdened practice of religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). Plaintiff has not identified either the religion or the religious belief or practice that prohibits the consumption of man-made medication. The conclusory statement that prison officials' actions violated Plaintiff's religion is insufficient to state a First Amendment violation.

The Eighth Amendment's proscription against cruel and unusual punishment prohibits correctional officials from being deliberately indifferent to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The conclusory statement that the court-ordered medications put Plaintiff's life and health in danger is insufficient to state an Eighth Amendment violation.

Third, the complaint does not link the warden, Plaintiff's CC2 team, or the two unnamed medical doctors to any of the alleged actions or inactions. Referring generally to "everyone" or "defendants" is insufficient to state the required causal connection.

The Court dismisses the complaint for failure to state a claim, but grants Plaintiff leave to file an amended complaint to correct the above deficiencies. *See Lopez v. Smith*, 203 F.3d 1122,

3

1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In preparing an amended complaint, Plaintiff should identify the defendants by name, specify what each defendant did that violated his rights under the federal Constitution and federal law, and identify the federal constitutional provision or law that was violated. If Plaintiff seeks to state a First Amendment free exercise claim, he should identify his religion and what religious beliefs or dictates prohibit taking man-made medication. If Plaintiff seeks to state an Eighth Amendment claim for deliberate indifference to medical needs or inmate safety, Plaintiff should specify how the court-ordered medication put his life and health in danger, i.e. identify the court-ordered medication, identify the side effects, and identify how the side effects put his life or health at danger. Plaintiff is advised that a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment, a difference of medical opinion as to the need to pursue one course of treatment, and medical malpractice or negligence do not give rise to a Section 1983 claim. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Toguchi v. Chung*, 391 F.3d 1051, 1058-61 (9th Cir. 2004). Plaintiff is further advised that Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right).

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 24-3785 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely

replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 8/19/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge