UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE TAYLOR WHITE,<br>Plaintiff,<br>v.<br>DR. ADEYAMO, et al.,<br>Defendants. | Case No. 24-cv-03785-HSG<br>**ORDER OF SERVICE** |

Plaintiff, a prisoner currently housed at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His first amended complaint (Dkt. No. 10) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
6   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
7   the alleged violation was committed by a person acting under the color of state law. *See West v.*
8   *Atkins*, 487 U.S. 42, 48 (1988).

**B.   Complaint**

The complaint names the following SVSP physicians as defendants: psychiatrist Dr. Jaggi, psychiatrist and current primary care physician Dr. Adeyamo, and medical doctor Nguyen.

The complaint makes the following allegations. Plaintiff is a devout Christian, and his faith requires him to "lean on [His] Lord and not man made psych meds." Dkt. No. 10 at 5. For two years, prison officials respected his religious beliefs and did not force him to take medications. After Plaintiff was assigned to defendant Jaggi, defendant Jaggi prescribed Plaintiff medications that Plaintiff did not want. Plaintiff had previously taken this medication as a child, and almost developed boobs and ticks while on the medication. When Plaintiff informed Defendant Jaggi about his concerns about the medication and that his religious beliefs prohibited taking the medication, defendant Jaggi mocked Plaintiff's God, and told Plaintiff that his God was not real, that Plaintiff's faith did not matter, and that Plaintiff would have to take his medication because Plaintiff was housed in a mental institution. Defendant Jaggi then applied for a court order authorizing that Plaintiff be forcibly medicated, which was granted. Defendants Jaggi and Nguyen are part of the "channel of people" who authorize the forcible medication. Defendant Jaggi was removed as Plaintiff's physician after Plaintiff lodged complaints that defendant Jaggi was sexually harassing him by winking at Plaintiff while mocking Plaintiff's faith. Plaintiff was then assigned defendant Adeyamo who also lies to Plaintiff, and mocks and ignores Plaintiff when Plaintiff voices his faith. Plaintiff states, "I do not wish to have my body jerk and spasm any more on its own accord against my wishes and God knows only what size boobs I could grow if they

give me respercal again like they want to." Plaintiff states that his Eighth Amendment right to be free from deliberate indifference to his medical needs and to his safety is being violated. Plaintiff seeks a court-ordered religious exemption from the involuntary medication order. *See generally* Dkt. No. 10.

Liberally construed, the amended complaint states the following claims against Defendants. The amended complaint's allegation that the involuntary medication ordered and administered by Defendants is unnecessary because Plaintiff went unmedicated for two years without incident and that the involuntary medication violates the dictates of Plaintiff's Christian religion states a cognizable First Amendment free exercise claim. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (for prisoner to establish First Amendment free exercise violation, he must show that prison regulation or official burdened practice of religion without any justification reasonably related to legitimate penological interests). The amended complaint's allegation that the court-ordered medication administered by Defendants causes Plaintiff's body to involuntarily jerk and spasm states a cognizable Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (Eighth Amendment's proscription against cruel and unusual punishment prohibits correctional officials from being deliberately indifferent to prisoner's serious medical needs).

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Salinas Valley State Prison psychiatrists Jaggi and Adeyamo, and doctor Nguyen.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 10), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which

defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The amended complaint states a cognizable First Amendment free exercise claim and a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendant(s) must file and serve a motion for summary judgment or other dispositive motion. If Defendant(s) is(are) of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the

---

[1] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

6.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 10/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge