UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE TAYLOR WHITE,<br><br>Plaintiff,<br><br>v.<br><br>DR. ADEYAMO, et al.,<br><br>Defendants. | Case No. 24-cv-03785-NW<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT**<br><br>Re: ECF Nos. 29, 30 |

Plaintiff Jessie Taylor White, a pro se prisoner, filed this lawsuit seeking injunctive relief from his forced medication by Defendants, who are healthcare workers at Salinas Valley State Prison ("SVSP"). *See* ECF No. 10 at 2. Defendants' motion for summary judgment, which argues that the action was mooted by White's transfer from SVSP and that White is not entitled to relief on the merits, is now before the Court. *See* ECF No. 30. White did not file an opposition or any other documents in response. The Court agrees with Defendants' assessment that the case is moot and **GRANTS** the motion.

**I.      BACKGROUND**

White alleges in his amended complaint (ECF No. 10) that Defendants Dr. Jaggi, Dr. Adeyamo, and Dr. Nguyen violated his freedom of religion when they sought a court order to medicate him against his will, despite his religious objections. White also alleges the doctors were deliberately indifferent to his medical needs when they ignored his complaints about side effects. White seeks injunctive relief in the form of a religious exemption from the state court order authorizing Defendants to involuntarily medicate him.

**II.      LEGAL STANDARD**

The jurisdiction of federal courts depends on the existence of a "case or controversy" under

Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). Whereas standing is evaluated by the facts that existed when the complaint was filed, mootness inquiries require courts to look to changing circumstances that arise after the complaint is filed. *ACLU v. Heller*, 471 F.3d 1010, 1016 (9th Cir. 2006). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted due to subsequent developments. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). A case also becomes moot "when the parties lack a legally cognizable interest in the outcome." *Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010) (citations omitted).

Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996). "While a prisoner's transfer will naturally moot claims for prospective relief" as to conditions at a former facility, "a prison transfer does not defeat jurisdiction where a prisoner's injury stems from a system-wide policy." *Tiedemann v. Von Blanckensee*, 72 F.4th 1001, 1008 (9th Cir. 2023) (because the Regional Director responsible for every BOP facility in which plaintiff was housed could grant him relief, suit not rendered moot by federal prisoner's transfer to a different prison). When an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive relief are moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368–69 (9th Cir. 1995); *see also Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (same for claims for declaratory relief).

## III. DISCUSSION

In their motion for summary judgment, Defendants argue that White's case, which seeks only injunctive relief, is moot because White has been moved from SVSP. The California Department of Corrections and Rehabilitation's ("CDCR") records show White is now located at Mule Creek State Prison in Ione, California, and is presumably under the care of staff from that facility.[1] Defendants have therefore made a showing that even if the Court granted injunctive

---

[1] The Court takes judicial notice of CDCR's public record for "Jessie Taylor White." *See* California Incarcerated Records and Information Search,

United States District Court
Northern District of California

relief in this matter and enjoined Defendants from enforcing the court order at issue, the remedy would no longer be effective because White is no longer in Defendants' care. *See Flast*, 392 U.S. at 95. Moreover, because White did not file an opposition or provide the Court with any further information, he has not shown a reasonable expectation nor demonstrated probability that he will again be subjected to the challenged conduct he alleges in his complaint. *See Dilley*, 64 F.3d at 1368–69.

The Court also notes that, to the extent White seeks injunctive relief from the state court order authorizing his involuntary medication (commonly referred to as a *Keyhea*[2] order), that order was only effective between May 8, 2024, and May 8, 2025. *See* Cal. Pen. Code § 2602(f) ("If a determination has been made to involuntarily medicate an inmate . . . the medication shall be discontinued one year after the date of that determination."). The order has therefore expired. Accordingly, as the Court has no basis to conclude that this matter is a live controversy for which the Court can grant effective relief, the Court finds that the matter is moot and **GRANTS** Defendants' motion for summary judgment. Any challenge to a new *Keyhea* order should be filed against the appropriate defendants in the appropriate venue.

## IV.    CONCLUSION

Defendants' motion for summary judgment is **GRANTED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2026

Noël Wise
United States District Judge

---

https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=AS1891 (last accessed January 23, 2026); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record).

[2] The Court **GRANTS** Defendants' request for judicial notice of the *Keyhea* order issued for White, which is docketed as ECF No. 29-1. ECF No. 29; *see Reyn's Pasta Bella, LLC*, 442 F.3d at 746, n.6; *see also Keyhea v. Rushen*, 178 Cal. App. 3d 526 (1986).

United States District Court
Northern District of California